

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 10, 1951

Hon. George B. Butler, Chairman
Board of Insurance Commissioners
Austin, Texas

Opinion No. V-1313

Re: Procedure for reporting
the percentage of United
States Bonds held by an
out-of-State life insur-
ance company under Ar-
ticle 4769, V.C.S.

Dear Mr. Butler:

Your letter requesting our opinion in reference to the above-captioned matter reads in part as follows:

"Please see Article 4769 enacted by H.B. 471 of the 51st Legislature, and particularly the following provision of Section 1:

" 'Each such insurance organization shall also report to the Board of Insurance Commissioners on or before the first day of March of each year the amount that it had invested on the 31st day of December, preceding, in Texas securities as defined by Article 4766 of the Revised Civil Statutes of Texas, 1925, as amended, and the amount that it had invested on said date in similar securities in the State in which it had its highest percentage of admitted assets invested, and in computing the amount of such investments it shall include as a part thereof that percentage of its investments in bonds of the United States of America that its reserves on policies of insurance issued on the lives of persons residing or domiciled in Texas are of its total reserves on all policies outstanding, but in no event shall it include any amount of such bonds in excess of the amount thereof reported by said company as Texas securities in its Texas tax return covering the year 1946.'

"Lincoln National Life Insurance Company, Fort Wayne, Indiana, is an out-of-State life insurance company licensed in Texas. For the purpose of this request for opinion, we can assume that the company's reserves for policies issued on the lives of persons residing or domiciled in Indiana are considerably in excess of its

reserves on policies issued on the lives of persons residing or domiciled in Texas. When the Company filed its tax return for the year 1950, it reported the same figure for its Government Bonds in the column reflecting its Texas securities that it did in the column setting out its similar securities in the State of Indiana.

"   . . .

"There is some difference of viewpoint in the Department as to the effect of the changes made in the quoted portion of Article 4769 as against the corresponding provision in Article 4769-a before its repeal.

"Will you please advise me whether Article 4769 permits out-of-State life insurance companies admitted in Texas to report as 'similar securities in the state in which it had its highest percentage of admitted assets invested' that percentage of its investments in the Bonds of the United States that its Texas reserves are of its total reserves, or should such a company report as similar securities that percentage of its investment in United States Bonds that its reserves on policies issued on the lives of persons residing or domiciled in the state in which the company had the highest percentage of its admitted assets invested are to the company's total reserves on all of its outstanding policies?"

Article 4769, V.C.S., prior to its amendment in 1949 (House Bill 471, Acts 51st Leg., R.S. 1949, ch. 619, p. 1362), provided a method of reporting the percentage of United States Bonds held by out-of-State insurance companies as follows:

"Each such insurance organization shall also report to the Board of Insurance Commissioners on or before the first day of March of each year the amount that it had invested on the 31st day of December, preceding, in Texas securities as defined by Article 4766 of the Revised Civil Statutes of Texas, 1925, as amended, and the amount that it had invested on said date in similar securities in the state in which it had its highest percentage of admitted assets invested, and in computing the amount of such investments in such other state it shall include as a part thereof that percentage of its investments in bonds of the United States of America purchased between December 8, 1941, and the termination of the war in which the United States is now engaged that its reserves on policies of insurance issued on the lives of persons residing or domiciled in

such state are of its total reserves on all policies out-
standing." (Emphasis added.)

The 51st Legislature amended Article 4769 by House
Bill 471 (Acts 51st Leg., R.S. 1949, ch. 619, p. 1362) so as to change
the method of computing the securities in the state in which out-of-
State insurance companies had their highest percentage of admitted
assets invested. Such amended act, with certain omissions deemed
immaterial, is as follows:

"Each such insurance organization shall also re-
port . . . the amount that it had invested . . . in Texas
securities . . . and the amount that it had invested on
said date in similar securities in the State in which it
had its highest percentage of admitted assets invested,
and in computing the amount of such investments it
shall include as a part thereof that percentage of its
investments in bonds of the United States of America
that its reserves on policies of insurance issued on
the lives of persons residing or domiciled in Texas
are of its total reserves on all policies outstanding,
. . ."

The language used in this amendment is plain and un-
ambiguous, and therefore is not susceptible of construction.

You are therefore advised that an out-of-State life in-
surance company in its annual report to the Board of Insurance
Commissioners should show the amount that it had invested on the
31st day of December, preceding, in securities, similar to Texas
securities, in the state in which it had its highest percentage of ad-
mitted assets invested; and such insurance company in computing
the amount of such investments should include as a part thereof
that percentage of its investments in bonds of the United States of
America that its reserves on policies of insurance issued on the
lives of persons residing or domiciled in Texas are of its total re-
serves on all policies outstanding. However, in making such report
it should not include any amount of such bonds in excess of the a-
mount thereof reported by said company as Texas securities in its
Texas tax return covering the year 1946, as provided in House Bill
471, Acts 51st Leg., R.S. 1949, ch. 619, p. 1362.

## SUMMARY

An out-of-State life insurance company in its
annual report to the Board of Insurance Commission-
ers should show the amount that it had invested on the
31st day of December, preceding, in securities simi-
lar to Texas securities, in the state in which it had

its highest percentage of admitted assets invested; and the insurance company in computing the amount of these investments should include as a part thereof that percentage of its investments in bonds of the United States of America which its reserves on policies of insurance issued on the lives of persons residing or domiciled in Texas are of its total reserves on all policies outstanding. However, in making this report it should not include any amount of such bonds in excess of the amount reported by said company as Texas securities in its Texas tax return covering the year 1946, as provided in House Bill 471, Acts 51st Leg., R.S. 1949, ch. 619, p. 1362.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

By W. V. Geppert
W. V. Geppert
Assistant

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

WVG/mwb